KYLE A. STUCKI, ESQ
Nevada Bar No. 12646
**STUCKI INJURY LAW**
1980 Festival Plaza Dr., Ste. 300
Las Vegas, NV 89135
Phone/Fax    385.210.1234
Kyle@StuckiInjuryLaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROBYN JASPER,<br><br>          Plaintiff,<br><br>vs.<br><br>BENITO MARTINEZ; CITY OF ALBUQUERQUE; and DOES I through X, inclusive,<br><br>          Defendants. | CASE NO.: |

## COMPLAINT

COME NOW, Plaintiff, ROBYN JASPER, by and through her attorney of record, KYLE A. STUCKI, ESQ., MBA, of STUCKI INJURY LAW, and for her causes of action against Defendants, and each of them, complaint and allege as follows:

## JURISDICTION

1.     Plaintiff, ROBYN JASPER, was at the time of the incident a resident of Clark County, State of Nevada, and of said judicial district.

1

2. Defendant, BENITO MARTINEZ, was at the time of the incident, and at all times mentioned herein, a resident of Albuquerque, New Mexico.

3. Defendant, CITY OF ALBUQUERQUE, was at the time of the incident, and at all times mentioned herein, a political subdivision of the State of New Mexico.

4. That at all times mentioned herein, Defendant, BENITO MARTINEZ (hereinafter referred to as "MARTINEZ"), was an employee of the City of Albuquerque and was performing duties on behalf of the City of Albuquerque at the time of the incident described herein.

5. That the damages sustained by Plaintiff exceed $75,000.00.

6. Pursuant to NRCP 10 (a) *and Nurenberger Hurcles-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as DOES I through 20 and ROE ENTITIES I trough 20, are Defendants unknown at the present time; however, it is alleged and believed that these Defendants were involved in the initiation, approval, support, or execution or the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which the are presently unaware. As the specific identities of these parties are revealed through the course of discovery, the Doe/Roe application will be replaced by these parties by their true names and capacities.

**FACTS**

7. On or about January 12, 2016, in Albuquerque, New Mexico, Defendant, MARTINEZ, while acting in the course and scope of his employment with the City of

2

Albuquerque Police Department, was operating a vehicle that collided with a vehicle operated by Plaintiff ROBYN JASPER.

8. More specifically, the collision occurred at or about 9:15 a.m. on Tuesday, January 12, 2016 on Paseo Del Norte Boulevard NW at the intersection of Coors Boulevard NW, in Albuquerque, New Mexico.

9. At or about this time and location, Plaintiff ROBYN JASPER, was stopped for a red traffic signal about to attempt a left-hand turn.

10. At or about this same time and location, Defendant, MARTINEZ, was operating a marked police vehicle, while in the course and scope of his employment with, while performing duties on behalf of and at the direction of Defendant CITY OF ALBUQUERQUE, behind Plaintiff's vehicle.

11. The collision occurred when Defendant, MARTINEZ, caused the front end of his vehicle to crash into the rear end of Plaintiff's vehicle.

12. At the time of accident described above, Defendant, MARTINEZ, was acting within the course and scope of his duties for his employers and/or principals, CITY OF ALBUQUERQUE.

**CAUSES OF ACTION**

13. CITY OF ALBUQUERQUE is responsible and liable for the damages sustained by Plaintiff because of the actions or inactions of its employee and/or agent, Defendant, MARTINEZ.

14.     CITY OF ALBUQUERQUE had a duty to insure its employee, Defendant, MARTINEZ, operated the vehicle in a safe and reasonable manner.  CITY OF ALBUQUERQUE's breach of this duty was the proximate cause of the damages sustained by Plaintiff.

15.     MARTINEZ had a duty to operate the vehicle in a safe and reasonable manner.  MARTINEZ's breach of this duty was the proximate cause of the damages sustained by Plaintiff.

16.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was injured and caused to suffer pain and anxiety; further, Plaintiff was prevented in part from attending to her usual activities.

17.     As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was compelled to incur expenses for medical care and treatment, and expenses incidental thereto, all to her damages in an amount to be proven at trial.

18.     As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has incurred injuries which are permanent and disabling in nature, and which will cause him to incur future expenses for medical care and treatment, and expenses incidental thereto.

19.     As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been caused to suffer lost wages and/or diminished earning capacity, all to her damages, in an amount to be proven at trial.

20.     As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been compelled to retain the services of an attorney to prosecute this matter and is therefore entitled to reasonable attorney's fees, costs of suit incurred herein and interest thereon.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays judgment against the Defendants, and each of them, jointly and severally, as follows:

1. Special damages, including medical expenses and loss income along with general damages in excess of $75,000.00;

2. Reasonable attorney's fees and cost of suit; and

3. Any further relief which the court may deem just and proper in the premises.

DATED this 11th day of December, 2017.

**STUCKI INJURY LAW**

*/s/ Kyle A. Stucki, Esq., MBA*
KYLE A. STUCKI, ESQ., MBA
Nevada Bar No. 12646
1980 Festival Plaza Dr., Ste. 300
Las Vegas, NV 89135
*Attorney for Plaintiff*