KYLE A. STUCKI, ESQ
Nevada Bar No. 12646
**STUCKI INJURY LAW**
1980 Festival Plaza Dr., Ste. 300
Las Vegas, NV 89135
Email        Kyle@StuckiInjuryLaw.com
Phone/Fax    385.210.1234
*Attorney for Plaintiff*

BRUCE D. TINGEY, ESQ
Nevada Bar No. 5151
RANEE SAMERTHAI, ESQ.
New Mexico Bar No. 149539
**TINGEY INJURY LAW FIRM**
2001 W. Charleston Blvd.
Las Vegas, NV 89102
Email        Bruce@tingeylawfirm.com
Email        Ranee@tingeylawfirm.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTICT OF NEVADA

| | |
|---|---|
| ROBYN JASPER, | Case No:   2:17-cv-03026 |
| Plaintiff, | **PLAINTIFF'S MOTION TO TRANSFER VENUE** |
| vs. | |
| BENITO MARTINEZ; CITY OF ALBUQUERQUE; and DOES I through X, inclusive, | |
| Defendants. | |

Plaintiff, ROBYN JASPER, by and through her counsel, KYLE A. STUCKI, ESQ., MBA, of STUCKI INJURY LAW, and BRUCE D. TINGEY, ESQ. and RANEE SAMERTHAI, ESQ., of TINGEY INJURY LAW FIRM hereby moves this Court for an Order transferring the venue of the above-captioned action pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) to the

1

United States District Court for New Mexico. This Motion is made and based upon the

memorandum of points and authorities contained herein.

This Court previously denied this Motion without prejudice because Defendants

"ha[d] yet to appear in this action." *Docket Filing #7*, 1: 12-13.  This Court stated that it

would "address this Motion in the ordinary course once Defendants to the action are given an

opportunity to respond[,]" and on that basis, denied this Motion without prejudice.  *Id.* at 1:

23 - 2: 3.  Defendants subsequently appeared in this action on February 26, 2018, by filing a

Motion TO Dismiss. *Docket Filing #8.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**BACKGROUND**

This action arises from a motor vehicle collision occurring on January 12, 2016, in

Albuquerque, New Mexico. At the time of the collision, Plaintiff was, and still is, a resident of

Clark County, Nevada. Defendant, Benito Martinez, was, and upon information and belief,

still is a resident of Albuquerque, New Mexico and Defendant, City of Albuquerque, was, and

upon information and belief, still is, a political subdivision of the State of New Mexico. On

December 11, 2017, Plaintiff filed her Complaint against the Defendants in the United States

District Court District of Nevada. At the time of filing, Plaintiff believed the District of Nevada

was the appropriate venue to bring her action since the majority of the events pertaining to

the subject collision occurred in Nevada. Plaintiff resides in Clark County, Nevada and

Plaintiff received the vast majority of her medical treatment in Clark County, Nevada. It

would be costly for Plaintiff to travel back and forth to New Mexico as well for her medical

1   providers to travel back and forth to New Mexico for depositions and ultimately for trial.

2   However, upon further examination of the facts of this case, Plaintiff has determined that the

3   District of New Mexico is the appropriate venue for this action as the District of New Mexico

4

5   will have personal jurisdiction and subject matter jurisdiction over this action.

6                                                        **II.**

7                                            **LEGAL ARGUMENT**

8          28 U.S.C. § 1404(a) states "[f]or the convenience of the parties and witnesses, in the

9

10  interest of justice, a district court may transfer any civil action to any other district or division

11  where it might have been brought[.]" The subject action "might have been brought" in the

12  District of New Mexico as it is appropriate since "all defendants are residents of the State in

13

14  which the district is located"[1], i.e., New Mexico. The Court must also determine whether or

15  not the transfer of venue is convenient for the parties and witnesses and is in the interest of

16  justice. The subject collision occurred in New Mexico, any percipient witnesses reside in New

17  Mexico, counsel for the Defendants resides in New Mexico and of course, the Defendants

18  themselves reside in New Mexico. The United States District Court, District of New Mexico is

19

20  also the appropriate venue as it will be the most familiar with the governing laws specific to

21  this action.

22         28 U.S.C. § 1406(a) states "[t]he district court of a district in which is filed a case

23  laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

24  transfer such case to any district or division in which it could have been brought."  The

25

26  Supreme Court of the United States interpreted this statute by stating "The language of

27

28  _____
[1] 28 U.S.C. § 1391(b)

STUCKI INJURY LAW

3

STUCKI INJURY LAW

1  [Section] 1406(a) is amply broad enough to authorize the transfer of cases, *__however wrong__*

2  *__the plaintiff may have been in filing his case as to venue, whether the court in which it__*

3
   *__was filed had personal jurisdiction over the defendant or not.__* The section is thus in accord

4
   with the general purpose which has prompted many of the procedural changes of the past

5
   few years – that of removing whatever obstacles may impede an expeditious and orderly

6

7  adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S.

8
   463, 466-67 (1962) *__Emphasis Added.__*

9
        In the instant action, Plaintiff filed "laying venue in the wrong….district" (District of

10

11 Nevada v. District of New Mexico), when the case "could have been brought[]" in the District

12 of New Mexico. The "interests of justice" support the transfer of venue as stated by the

13
   United States Supreme Court.

14
15 ///

16 ///

17
18 ///

19 ///

20 ///

21 ///

22
23 ///

24 ///

25 ///

26 ///

27
28 ///

4

STUCKI INJURY LAW

### III.

### <u>CONCLUSION</u>

Thus, based on the foregoing, good cause exists for the venue of this action to be transferred from the District of Nevada to the District of New Mexico. Plaintiff further requests that Defendants' pending Motion to Dismiss be denied as moot.

DATED this 12th day of March, 2018.

**STUCKI INJURY LAW**

*/s/ Kyle A. Stucki, Esq., MBA*

_____
KYLE A. STUCKI, ESQ.
Nevada Bar No. 12646
1980 Festival Plaza Dr., Ste. 300
Las Vegas, NV 89135
*Attorney for Plaintiff*

**TINGEY INJURY LAW FIRM**

*/s/ Bruce D. Tingey, Esq.*

_____
BRUCE D. TINGEY, ESQ.
Nevada Bar No. 5151
RANEE SAMERTHAI, ESQ.
New Mexico Bar No. 149539
2001 W. Charleston Blvd.
Las Vegas, NV 89101
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTICT OF NEVADA**

ROBYN JASPER,

             Plaintiff,

vs.

BENITO MARTINEZ; CITY OF
ALBUQUERQUE; and DOES I through
X, inclusive,

           Defendants.

Case No:   2:17-cv-03026

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION TO TRANSFER VENUE**

Upon consideration of Plaintiff's Ex-Parte Motion to Transfer Venue and good cause

appearing, it is hereby:

ORDERED that the Motion be and is hereby granted and this action be immediately

transferred to United States District Court District of New Mexico;

IT IS FURTHER ORDERED, that Defendants' Motion to Dismiss be denied as moot.

DATED this ___ day of March, 2018.

                              _____

                              UNITED STATES DISTRICT COURT JUDGE

STUCKI INJURY LAW

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of STUCKI INJURY LAW, and

that on this 12<u>th</u> <u>day of March, 2018</u>, I served a copy of the foregoing PLAINTIFF'S MOTION

TO TRANSFER VENUE as follows:

[ X ] by way of CM/ECF e-filing on the United States District Court Website

To the attorneys listed below:

Peter Haynes, Esq.
CITY OF ALBUQUERQUE LEGAL DEPARTMENT
PO Box 2248
Albuquerque, NM 87102
*Attorney for Defendants*

*/s/ Justin Teal*_____
Employee of STUCKI INJURY LAW