# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBYN JASPER,                              )
                                           )
                  Plaintiff,               )        Case No.: 2:17-cv-03026-GMN-VCF
         vs.                               )
                                           )        **ORDER**
BENITO MARTINEZ, *et al.*,                 )
                                           )
                  Defendants.              )
_____)

Pending before the Court is the Motion to Dismiss, (ECF No. 8), filed by Defendants
Benito Martinez ("Martinez") and the City of Albuquerque (the "City") (collectively,
"Defendants"). Plaintiff Robyn Jasper ("Plaintiff") filed a Response, (ECF No. 13), and
Defendants filed a Reply, (ECF No. 15).

Also pending before the Court is the Motion to Transfer Venue, (ECF No. 10), filed by
Plaintiff. Defendants filed a Response, (ECF No. 16), to which Plaintiff failed to file a reply.

For the reasons discussed herein, Defendants' Motion to Dismiss is **DENIED without
prejudice** and Plaintiff's Motion to Transfer Venue is **GRANTED**.

## I.      BACKGROUND

This case arises from an automobile collision that occurred on January 12, 2016, in
Albuquerque, New Mexico. (Compl. ¶¶ 7–8, ECF No. 1). Plaintiff alleges that Martinez,
within the scope of his employment for the City of Albuquerque Police Department, caused his
vehicle to crash into the rear end of Plaintiff's vehicle as Plaintiff was attempting a left-hand
turn. (*Id.* ¶¶ 9–11).

Plaintiff filed her Complaint on December 11, 2017, asserting a cause of action for
negligence against Defendants. (*Id.* ¶¶ 13–20). On February 6, 2018, Plaintiff filed an ex parte
motion to transfer venue, (ECF No. 6), in which Plaintiff states that "the District of New

Mexico is the appropriate venue for this action as the District of New Mexico will have personal jurisdiction and subject matter jurisdiction over this action." (*Id.* 2:22–25). The Court denied the motion without prejudice on the basis that Defendants, who had yet to appear in the action, should be given an opportunity to respond. (Order 1:22–24, ECF No. 7).

On January 26, 2018, Defendants filed its Motion to Dismiss,[1] (ECF No. 8), asserting lack of personal jurisdiction, improper venue, insufficient service of process,[2] as well as a request for sanctions. (*Id.* 2:14–6:3). On March 12, 2018, Plaintiff refiled her Motion to Transfer Venue, (ECF No. 10).

## II. <u>LEGAL STANDARD</u>

### A. Motion to Dismiss Pursuant to FRCP 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Due process requires that a defendant have minimum contacts with the forum such that the maintenance of the suit will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Columbia,*

---

[1] Defendants assert they were "reluctant to respond to Plaintiff's Motion [to Transfer] before raising their 12(b) defenses in this responsive pleading." (Mot. to Dismiss ("MTD") 6:21–22).

[2] Subsequent to Defendants filing their Motion to Dismiss, (ECF No. 8), Plaintiff filed proof of service as to the City and Martinez, (ECF Nos. 11, 12). Defendants state in their Reply that "these filings render the insufficient service argument moot." (Reply 6:21–23, ECF No. 15). Accordingly, the Court will not consider Defendants' insufficient service defense.

*S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)).  Specific jurisdiction exists where the claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.*

**B.  Motion to Dismiss Pursuant to FRCP 12(b)(3)**

Federal Rule of Civil Procedure 12(b)(3) allows a party to file a motion to dismiss on the basis of improper venue. Fed. R. Civ. P. 12(b)(3).  Plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (citing *Hayashi v. Sunshine Garden Prods.*, *Inc.,* 285 F. Supp. 632, 633 (W.D. Wash. 1967)).  In considering a motion to dismiss for improper venue, a court is not required to accept the pleadings as true and may consider facts outside the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing *Argueta v. Banco Mexicano*, *S.A.,* 87 F.3d 320, 323 (9th Cir. 1996)).

**C.  Motion to Transfer Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See* 28 U.S.C. § 1404(a).  "Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988)).  Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a).

**III.  DISCUSSION**

Plaintiff moves the Court to transfer this action to the District of New Mexico, (*see generally* Mot. to Transfer Venue, ECF No. 10).  In their Response, Defendants do not advance

any opposition other than to "request that the Court hold Plaintiff's motion in abeyance pending a ruling on Defendants' motion to dismiss and motion for sanctions." (Resp. to Mot. to Transfer Venue 1:30–32, ECF No. 16).  With respect to Defendants' Motion to Dismiss, Plaintiff concedes that the Court lacks personal jurisdiction and that venue is improper. (Resp. to MTD 3:1–3, ECF No. 13).

### A. Motion to Dismiss

As noted *supra*, the parties do not dispute that the Court lacks personal jurisdiction and that venue is improper. (MTD 2:14–5:21); (Resp. to MTD 3:1–3).  While the Court agrees with Defendants that their 12(b) defenses of lack of personal jurisdiction and improper venue are generally "threshold issues," the Court declines to dismiss the case on this basis.  It is well established that a court may grant a motion to transfer venue under either 28 U.S.C. § 1404 or § 1406 even where the Court lacks personal jurisdiction over defendants and venue is improper. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Reed v. Brown*, 623 F. Supp. 342, 345–46 (D. Nev. 1985) (noting that pursuant to *Goldlawr*, a district court may transfer venue under § 1404 regardless of whether the transferor court has personal jurisdiction over defendants); *see also Depasquale v. Butcher*, No. 2:15-cv-1129-RCJ-GWF, 2016 WL 593527, at *1 (D. Nev. Feb. 12, 2016) ("Where venue is lacking, a court must dismiss or transfer. . . . This is the case whether or not there is personal jurisdiction over a defendant."); *Editorial Planeta Mexicana, S.A. de C.V. v. Argov*, No. 2:11-cv-01375-GMN-CWH, 2012 WL 3027456, at *2 n.4 (D. Nev. July 23, 2012).  As discussed below, the Court finds that the instant action could have been brought in the District of New Mexico and

that the interests of justice weigh in favor of transfer. Therefore, the Court denies Defendants' Motion to Dismiss without prejudice.[3]

**B. Motion to Transfer Venue**

Plaintiff seeks to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). (Mot. to Transfer Venue 3:8–4:8). The Court, therefore, must consider whether the District of New Mexico is a judicial district in which the instant action "might have been brought," or "could have been brought." *See* 28 U.S.C. §§ 1404(a), 1406(a).

Under 28 U.S.C. § 1391, a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; or a "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b)(1)–(2). For purposes of establishing venue, "an entity with the capacity to be sued . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *See* 28 U.S.C. § 1391(c)(2).

**i. Proper Venue**

Here, both Defendants are residents of New Mexico for venue purposes. With respect to Martinez, Plaintiff alleges that Martinez is a resident of Albuquerque, (*see* Compl. ¶ 2), and Defendants do not dispute this assertion. (*See generally*, Mot. to Dismiss, ECF No. 8). The City, as a political subdivision, also resides in the District of New Mexico for venue purposes

---

[3] In Defendants' Motion to Dismiss, Defendants also move for sanctions. (*See* MTD 7:1–16). The Court, however, declines to consider this request as it is procedurally improper pursuant to this District's local rules. *See* LR IC 2-2(b) ("For each type of relief requested . . . a separate document must be filed and a separate event must be selected for that document.").

because the City is subject to the District of New Mexico's general personal jurisdiction.[4] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). In addition, it is undisputed that the event giving rise to the instant claim—the automobile collision—occurred within the District of New Mexico. (*See* Compl. ¶ 8); (MTD 5:14–18).

Finally, the Court finds that the District of New Mexico has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. (*See* Compl. ¶¶ 1–5). According to the Complaint, Plaintiff sustained damages that exceed $75,000. (*Id.* ¶ 5). Additionally, Plaintiff is a resident of Nevada; Martinez is a resident of New Mexico; and the City, as a municipality, is a citizen of New Mexico. (*Id.* ¶¶ 1–3); *see Moor v. Alameda Cnty.*, 411 U.S. 693, 717–18 (1973) ("[A] political subdivision of a State, unless it is simply the arm or alter ego of the State, is a citizen of the State for diversity purposes.").

Accordingly, the Court finds that venue is proper in the District of New Mexico as the instant action could have been brought there.

### ii.    The Interest of Justice

Finally, the Supreme Court has instructed that a transferor court "adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (internal quotation marks omitted). Ninth Circuit courts weigh multiple convenience and fairness factors to determine whether transfer would promote the interest of justice including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory

---

[4] New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 48 P.3d 50, 54 (N.M. 2002).

process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. "Additionally, the presence of a forum selection clause is a significant factor" as well as the "relevant public policy of the forum state, if any." *Id.* at 499 (internal quotation marks omitted).

The Court is satisfied that consideration of these factors suggest that litigating the instant matter in the District of New Mexico would serve the interests of justice. With respect to the first two factors, the underlying alleged tort took place in New Mexico and, therefore, New Mexico law would govern Plaintiff's claims. *See, e.g., Lopez v. Delta Int'l Machinery Corp.*, 2017 WL 3142028, at *32 (D. N.M. July 24, 2017) ("In tort actions, New Mexico courts apply "the doctrine of *lex loci delicti commissi*," or the law of the place where the wrong occurred.") (citing *Torres v. State*, 894 P.2d 386, 390 (N.M. 1995)). Accordingly, these two factors weigh in favor of transfer.

Under the third factor, "[c]ourts generally give deference to a plaintiff's choice of venue." *See Editorial Planeta Mexicana, S.A.*, 2012 WL 3027456, at *5; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, deference is "substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." *Id.* (quoting *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006)). Here, while Plaintiff's choice of forum is not where she resides, the underlying incident giving rise to the instant action took place in New Mexico. Accordingly, the Court must give some deference to Plaintiff's choice of forum.

The fourth and fifth *Jones* factors concern the respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum, respectively.

*Jones*, 211 F.3d at 498.  These factors counsel in favor of transfer because, as noted *supra*, the Defendants are residents of New Mexico and the underlying accident took place there.

With respect to the sixth factor, the differences in litigation costs between the two forums, Plaintiff has only articulated the way in which litigating in New Mexico would burden her.  Plaintiff states it "would be costly for Plaintiff to travel back and forth to New Mexico." (Mot. to Transfer 2:26–3:1).  The Court finds this factor weighs in favor of transfer because any unfairness or inconvenience that would result with respect to costs would likely be borne by Plaintiff, rather than Defendants, who reside in New Mexico.

The seventh factor, under which the Court considers the availability of compulsory process to compel unwilling witnesses, weighs slightly against transfer.  Plaintiff notes that she received most of her medical treatment in Nevada and that transfer would result in these potential witnesses traveling "back and forth to New Mexico for depositions and ultimately for trial." (*Id.*).  While this may pose potential problems for these non-party witnesses who reside outside of the District of New Mexico's jurisdictional subpoena power, *see* Fed. R. Civ. P. 45(c)(1)(A), presently there is no indication that these witnesses would be unwilling to participate in the instant litigation.

Similarly, under the eighth *Jones* factor, the Court considers which forum has greater access to sources of proof. *Jones*, 211 F.3d at 498.  As explained above, while some of Plaintiff's witnesses reside in Nevada, all Defendants reside in New Mexico and the underlying accident took place in New Mexico.  This factor, accordingly, is neutralized as litigating in either Nevada or New Mexico would pose similar potential obstacles with respect to access to sources of proof.[5]

---

[5] Courts may also consider the presence of a forum selection clause and public policy concerns. *See Jones*, 211 F.3d at 499 & n.21 (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) ("The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'")).  Here, the presence of a forum selection clause is not applicable to the facts of this case.  With respect to public policy

Based on the foregoing, the *Jones* factors suggest that litigating the instant case in New Mexico would serve the interests of justice. Moreover, the Court concludes that the instant action could have been initially filed in the District of New Mexico. Accordingly, Plaintiff's Motion to Transfer Venue, is hereby granted.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Transfer Venue, (ECF No. 10), is **GRANTED**. The action is hereby transferred to the District of New Mexico.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 8), is **DENIED without prejudice**.

**DATED** this __21__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

concerns, the District of New Mexico has an interest in adjudicating cases implicating New Mexico state law and involving New Mexico residents. To the extent other public policy considerations are relevant, the Court nonetheless finds that the aforementioned *Jones* factors weigh heavily in favor a finding that transfer would promote systemic integrity and fairness.